IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN S. KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-cv-00895-SRB |
| PREFERRED FAMILY HEALTHCARE and SUZY NORTON, | ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

Before the Court is Defendants Preferred Family Healthcare ("PFH") and Suzy Norton's ("Norton") Motion to Dismiss Plaintiff Kevin Sean King's Complaint Pursuant to Rule 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #18.) For the reasons discussed below, the motion is GRANTED.

I. BACKGROUND

In this employment-discrimination lawsuit, *pro se* Plaintiff Kevin Sean King ("Plaintiff") asserts claims of wrongful termination, retaliation, and hostile work environment due to his age and race by his former employer PFH and supervisor, Norton. Plaintiff is a Black, fifty-seven-year-old man who worked as a maintenance technician at PFH from approximately February 15, 2017, to May 31, 2019. PFH is a nonprofit, community-based healthcare organization providing various mental and behavioral health services to individuals, as well as employment services and assistance for persons with disabilities. Plaintiff's race-based discrimination claims arise under Title VII of the Civil Rights Act of 1964, 42 US.C. §§ 2000e *et seq*. ("Title VII"), while his age

discrimination claims arise under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA").

The events underlying Plaintiff's suit occurred between April 2018 and May 31, 2019, the last day of Plaintiff's employment with PFH. Plaintiff alleges he endured daily harassment by his supervisor, Norton, which he states caused mental and emotional injuries as well as lost wages. Prior to filing this lawsuit, Plaintiff filed his initial charge of discrimination with various federal, state, and local commissions. He filed his first discrimination charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 11, 2019, alleging he endured discrimination and retaliation based on his race, age, and disability from February 15, 2017, to June 3, 2019. (Doc. #7-2, pp. 7–8.) On June 19, 2019, the EEOC closed its file on Plaintiff's discrimination complaint and issued its Right to Sue Notice.[1] On July 15, 2019, Plaintiff filed a discrimination charge with the City of Kansas City, Missouri's Human Relations Department ("HRDKC"), citing discrimination based on his race, age, sex, as well as retaliation. (Doc. #7-2, p. 9.) On October 28, 2019, Plaintiff filed an amended discrimination and retaliation charge with the HRDKC, based on largely the same or similar events, but the amended charge only attributed the alleged discrimination to his sex. (Doc. #7-2, p. 6.) The EEOC later adopted the HRDKC's findings and issued its Right to Sue notice on August 17, 2020.

Plaintiff subsequently filed a motion for leave to proceed *in forma pauperis* on November 9, 2020. The undersigned granted Plaintiff's motion on November 11, 2020, and directed the Clerk of Court to file Plaintiff's complaint and accompanying attachments as of that date. The

---

[1] Defendants state, and Plaintiff does not refute, that the EEOC assigned the matter to the Missouri Commission on Human Rights ("MCHR"), which investigated the charge. The EEOC closed its initial investigation on June 19, 2019, the MCHR subsequently adopted the EEOC's findings and terminated its own proceedings. (Doc. #19, p. 2.) Per Defendants, the deadline for initiating suit based on the initial Right to Sue notices issued by the EEOC and MCHR was September 17, 2019, and Plaintiff did not file suit within that specified timeframe. (Doc. #19, pp. 2, 8.)

Court also directed the Clerk of Court to forward the appropriate process forms to Plaintiff and further directed Plaintiff to return the completed summons and service forms to the Clerk's office showing the address where Defendants may be served in accordance with Federal Rule of Civil Procedure 4. (Doc. #5, p. 2; Doc. #10, p. 2.) Upon receipt of the completed forms,[2] the Clerk's office issued the summons on March 4, 2021, and delivered a copy of the summons to the U.S. Marshal for service of process. According to the return of service, a staff member of the U.S. Marshal's office delivered Defendants a copy of the summons, Plaintiff's complaint, and the Court's Order permitting Plaintiff to proceed *in forma pauperis* on March 10, 2021, at 3:49 p.m. (Doc. #15.) Both Defendants were served at 10101 James A Reed Road in Kansas City, Missouri, one of PFH's locations and the address provided by Plaintiff.

On March 30, 2021, counsel for Defendants entered an appearance in this case and also moved for an extension of time to answer or otherwise respond to Plaintiff's complaint. The motion stated that Defendants "were mailed various documents from this matter, but were not served with either the Complaint or summons." (Doc. #13, p. 1.) Defendants subsequently filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4), (b)(5), and (b)(6), contending this action should be dismissed with prejudice due to insufficient service and insufficient process, as well as failure to state a claim upon which relief may be granted.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(4) and Rule 12(b)(5)

A federal district court may dismiss a complaint due to insufficient process or insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4)–(5). A Rule 12(b)(4) motion concerns the form

---

[2] The Court originally directed Plaintiff to return the completed process forms within thirty days, with service due on or before February 15, 2021. (Doc. #5, p. 2.) Upon learning that Plaintiff had never received the appropriate service of process forms, the Court subsequently extended the deadline for service until May 28, 2021. (Doc. #10, pp. 1–2.)

of process, whereas a Rule 12(b)(5) motion challenges the mode of delivery or a lack of service. *Cheeks v. Belmar*, No. 18-CV-2091-CAS, 2019 WL 2568667, at *2 (E.D. Mo. June 21, 2019) (citing WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 1353 (4th ed.)). On either motion, once a plausible challenge is made, "[t]he burden lies with the plaintiff to demonstrate sufficient process and service." *Adkins v. Option One Mortg. Corp.*, No. 08-CV-0286, 2009 WL 35181, at *5 (W.D. Mo. Jan. 5, 2009). To do so, a plaintiff must make a prima facie showing that service was valid under governing law. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selecta, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995) (noting it is a plaintiff's burden to establish a prima facie case for sufficiency and service of process). "The filed return by the process server is prima facie proof of its contents." *LNV Corp. v. Robb*, 843 F. Supp. 2d 1002, 1003 (W.D. Mo. 2012). If a defendant has been improperly served, "the district court has discretion to either dismiss the action or quash service and retain the case." *Cheeks*, 2019 WL 2568667, at *3.

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding such a motion, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy

judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted). Courts, when reviewing a Rule 12(b)(6) motion, "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

## III. DISCUSSION

After Defendants filed the instant motion, Plaintiff filed a document detailing the various acts of discrimination that underlie his lawsuit. That filing, however, did not respond directly to Defendants' arguments. The Court subsequently issued a show cause order directing Plaintiff to file a response addressing Defendants' arguments on or before June 11, 2021. As of the date of this Order, no response by Plaintiff has been filed and the time for doing so has passed.

### A. Rule 12(b)(4): Insufficient Process

Under Rule 4(c), "a summons must be served with a copy of the complaint," and a court must order that service be made by a U.S. marshal or deputy marshal if the plaintiff is authorized to proceed *in forma pauperis*. Fed. R. Civ. P. 4(c)(1), (c)(3). "Service of summons without a complaint is invalid service of process under Rule 12(b)(4)." *Cheeks*, 2019 WL 2568667, at *2 (citations omitted). In cases where the court permits a *pro se* plaintiff leave to proceed *in forma pauperis*, a plaintiff is entitled to rely upon the Court and the U.S. Marshal's office to effectuate service of process. *Hill v. Acrux*, No. 12-CV-00937, 2012 WL 4854701, at *2 (E.D. Mo. Oct. 11, 2012) (citing *Lee v. Bhd. of Maint. of Way Employees–Burlington N. Sys. Fed'n,* 139 F.R.D. 376, 379 (D. Minn. 1991)); *see Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (noting the *pro se* plaintiff proceeding *in forma pauperis* "was entitled to rely on service by the [U.S. Marshal Service]").

Defendants contend neither defendant received proper process.  PFH states that it did not receive a copy of Plaintiff's complaint, and Norton states she "was only served with two copies of the Notice and Acknowledgement of Receipt of Summons and Complaint by Mail" and did not receive a copy of the summons or the complaint.  (Doc. #19, p. 4.)  The Court observes that the return of service, executed by a staff member of the U.S. Marshal's office and appearing in the docket, indicates that a summons, order, and complaint were served at 3:49 p.m. on March 10, 2021, to both PFH and Norton at the address provided by Plaintiff.  (Doc. #15.)  Defendants do not acknowledge this return of service or contest its accuracy, nor do they attach an affidavit in support of their assertion that they received improper process.  *Cf. Cheeks*, 2019 WL 2568667, at *2 (noting the defendants contesting process under Rule 12(b)(4) submitted affidavits attesting to receiving summons without a complaint, which were compared to the filed return of service).  Further, Defendants do not argue they have suffered unfair prejudice due to deficient process.[3]

Taking the return of service as prima facie proof of its contents, *see id.* at *2, the Court finds Defendants do not overcome the return of service's presumed validity.  *See Armed Forces Bank, N.A. v. Gianulias*, No. 11-00974-CV, 2012 WL 1077894, at *4 (W.D. Mo. Mar. 30, 2012) (citation omitted) (noting the party challenging the sufficiency of service of process ultimately bears the burden of overcoming the presumption that "[t]he filed return by the process service is prima face proof of its contents").  Given the lack of prejudice, and because Plaintiff was entitled to rely on the Court and the U.S. Marshal to effectuate service of process, Defendants' motion on this point is denied.  *See Wright*, 710 F.3d at 783.

---

[3] Various federal district courts recognize that even in a case where process is technically insufficient, dismissal is not warranted when the defendant did not suffer any prejudice by those deficiencies.  *See, e.g.*, *Connolly v. Shaw's Supermarkets, Inc.*, 355 F. Supp. 3d 9, 16–17 (D. Mass. 2018) (declining to hold a *pro se* plaintiff proceeding *in forma pauperis* responsible for mistakes made by a U.S. Marshal who effected improper service of process where the technical errors were harmless).

6

### B. Rule 12(b)(5): Insufficient Service of Process

Aside from Rule 12(b)(5), Defendants cite no legal authority in support of their argument that neither PFH nor Norton were properly served. The Federal Rules of Civil Procedure govern "the procedures in all civil actions and proceedings" in federal district courts and thus control the Court's analysis here. Fed. R. Civ. P. 1. A plaintiff commences a federal civil action by filing a complaint with a district court, which must then be served on the defendants. *See* Fed. R. Civ. P. 3, 4(b). Under Rule 4, individuals may be served by: (1) following state law for service in a state court in where the district court is located (in this case, Missouri); or by (2) personally serving the defendant; (3) leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode; or (4) delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e)(1)–(2); *accord* Mo. S. Ct. Rule 54.13(b)(1). A corporation or other unincorporated business association may be served using the methods set forth in Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and the complaint to an officer, managing or general agent, or an agent authorized by either statute or appointment. Fed. R. Civ. P. 4(h).

Defendants summarily argue that neither PFH or Norton were properly served because the address where both were served—10101 James A Reed Road in Kansas City, Missouri—is "neither Preferred Family or Norton's address." (Doc. #19, p. 5.) Defendants contend that PFH should have been served via its registered agent and that Norton cannot be served via a registered agent.[4] Defendants do not cite to any legal authority or submit affidavits or evidence in support of their position, and Plaintiff failed to respond to Defendants' Rule 12(b)(5) arguments.

---

[4] Defendants also argue Plaintiff failed to request a waiver of service pursuant to Fed. R. Civ. P. 4(d). This argument fails because Plaintiff is *pro se* and permitted to proceed *in forma pauperis*, and therefore the responsibility of seeking a waiver of service belongs to the U.S. Marshal. *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997).

7

Case 4:20-cv-00895-SRB   Document 25   Filed 06/16/21   Page 7 of 11

Upon review of the record, the Court finds service in this case is insufficient under Rule 12(b)(5). While the Eighth Circuit acknowledges that an *in forma pauperis* plaintiff who is proceeding *pro se* should not be penalized for a marshal's failure to obtain proper service, it remains the plaintiff's responsibility to provide the proper addresses where the defendants should be served. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Regarding Norton, the Court agrees the record does not establish sufficient service pursuant to Rule 4(e)(1). Regarding PFH, the record is less clear. While PFH may be served via its registered agent, under Missouri law "any employee, even a clerical employee, can receive service of process on behalf of an employer if, in fact, the employee was in charge of the office at the time of service." *Kitchens v. Mo. Pac. R. Co.*, 737 S.W.2d 219, 222 (Mo. App. W.D. 1987); *accord Jackson-Bagley v. Albright*, No. 09-4215-CV, 2010 WL 11508633, at *2 (W.D. Mo. Mar. 31, 2010). PFH does not address whether the individual who received service on its behalf, as indicated by the return of service filing, was an employee in charge of the office at the time of service.

In any event, assuming that neither Norton nor PFH were properly served, it is within the Court's discretion to dismiss this matter or quash service and retain this case. In light of the fact that Plaintiff also fails to state a claim against Defendants for the reasons discussed below, and his pleading deficiencies cannot be cured by proper service, dismissal is appropriate.

### C. Rule 12(b)(6): Failure to State a Claim Upon Which Relief May Be Granted

Defendants argue Norton is not subject to individual liability under either Title VII or the ADEA, warranting dismissal of Plaintiff's claims against her. Defendants additionally argue that Plaintiff failed to exhaust his administrative remedies against PFH, which they contend similarly warrants the dismissal of this case. Each argument is addressed in turn below.

### 1. Individual Supervisor Liability Under Title VII and the ADEA

Plaintiff's race-based discrimination claims arise under Title VII, and he names Norton in her individual capacity as his former supervisor at PFH. (Doc. #7, p. 6.) Under Eighth Circuit precedent, "supervisors may not be held individually liable under Title VII." *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (citation omitted); *see also Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 381 (8th Cir. 1995) ("[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities."). Similarly, while the Eighth Circuit has not yet decided whether individuals can be held liable under the ADEA, many district courts within the Eighth Circuit have declined to impose individual liability under the ADEA, including the Western District of Missouri. *See, e.g.*, *Lyons v. Drew*, No. 14-CV-0510, 2015 WL 1198081, at *2 (W.D. Mo. Mar. 16, 2015) (collecting cases). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's individual claims against Norton for failure to state claim.

### 2. Exhaustion of Administrative Remedies

Defendants argue Plaintiff failed to exhaust his available administrative remedies for his Title VII and ADEA claims against PFH. Defendants contend that the amended discrimination charge Plaintiff filed with the HRDKC on October 28, 2019, superseded the prior charge he filed on July 15, 2019. Defendants argue Plaintiff did not assert in his amended discrimination charge the various claims which he now advances in the *pro se* complaint he filed in this case. Plaintiff does not refute or respond to Defendants' Rule 12(b)(6) arguments.

Before a plaintiff can file a lawsuit in court alleging unlawful discrimination, Title VII requires the plaintiff to "file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Advance Auto Parts, Inc*., 686 F.3d 847, 850 (8th Cir. 2012) (citations omitted). Similarly, "[e]xhaustion of administrative remedies is a condition precedent

9

to the filing of an action under the ADEA in federal court." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). The Eighth Circuit cautions that a district court "should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs" and that a *pro se* litigant's claims should be liberally construed. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996). "Despite this liberal construction, there is a difference between liberally reading a claim which lacks specificity, and inventing a claim which simply was not made." *Gates v. City of Lebanon*, 585 F. Supp. 2d 1096, 1099 (W.D. Mo. 2008) (cleaned up) (citing *Parisi*, 400 F.3d at 585).

Upon review, the Court grants Defendants' motion to dismiss Plaintiff's claims against PFH for failure to exhaust administrative remedies. Reviewing the various exhibits that Plaintiff attached to his *pro se* judicial complaint, the July 2019 charge-of-discrimination complaint filed by Plaintiff with the HRDKC alleged discrimination based on his race, age, and sex, as well as retaliation. (Doc. #7-2, p. 9.) In contrast, the amended discrimination charge Plaintiff filed in October 2019—which largely repeats the allegations that supported his earlier charge—only alleged sex-based discrimination and retaliation. (Doc. #7-2, p. 5.) In this specific instance, the Court finds Plaintiff's amended HRDKC discrimination charge replaced his prior HRDKC charge and is thus the operative charge underlying the instant suit. *See* 29 C.F.R. §§ 1601.12(b), 1626.8(c). Because Plaintiff's *pro se* complaint only asserts race and age-based discrimination claims, and neither of those discrimination allegations were asserted by Plaintiff in his amended HRDKC charge, the Court finds that Plaintiff has failed to exhaust his available administrative remedies prior to filing his suit in federal court. *See, e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (finding the plaintiff failed to exhaust her administrative remedies on the claims in her judicial complaint, which differed from the claims of

discrimination in her EEOC charge).  The Court thus dismisses Plaintiff's *pro se* complaint against PFH without prejudice to refiling.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff Kevin Sean King's Complaint Pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #18) is **GRANTED**.  For the reasons set forth above, Plaintiff's claims against Defendant Norton are dismissed with prejudice, whereas Plaintiff's claims against PFH are dismissed without prejudice to refiling.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: June 16, 2021

11

Case 4:20-cv-00895-SRB   Document 25   Filed 06/16/21   Page 11 of 11